14SL-CC04059

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
# STATE OF MISSOURI

| | |
|---|---|
| Jerry Paul and Sarah Paul, | ) |
| Plaintiffs, | ) |
| v. | ) Cause No.14SL-CC |
| Asbury Automotive St. Louis, LLC, d/b/a Plaza BMW, | ) Division: |
| Sheriff Serve Registered Agent:<br>CSC-Lawyers Incorporating Service Company<br>221 Bolivar Street<br>Jefferson City, MO 65101 | ) |
| Defendant. | ) |

## PETITION

COME NOW Plaintiffs, Jerry Paul and Sarah Paul, by and through their attorneys, Mitchell B. Stoddard and Consumer Law Advocates, and for their Petition against Defendant, Asbury Automotive St. Louis, LLC, d/b/a Plaza BMW, state to this honorable Court as follows:

### ALLEGATIONS COMMON AS TO ALL COUNTS

1.  Plaintiffs Jerry and Sarah Paul are natural persons, husband and wife, adult citizens of the State of Indiana, and residents of Vanderburgh County, Indiana.

2.  Defendant, Asbury Automotive St. Louis, LLC, d/b/a Plaza BMW (hereinafter "Plaza"), is a Delaware limited liability company in good standing, engaged in the business of selling new and used automobiles to the public, with an office located in St. Louis County, Missouri.

3. The events giving rise to Plaintiffs' cause of action and subsequent injury to Plaintiffs occurred in St. Louis County, Missouri.

4. In or around early May 2014, Plaintiff Jerry Paul came across a 2013 BMW 535xi, VIN WBAFU7C50DDU67932 (hereinafter "the BMW") that was being offered for sale by Plaza in Auto Trader Magazine.

5. Plaintiff called Plaza and spoke to Kent Komain, one of Plaza's sales representatives. Komain said the BMW had initially been used as a loner car by Plaza, and that Plaza had certified it on 3/21/2014. Komain described the condition of the BMW as "like buying a brand new car."

6. On 5/8/2014, Plaintiffs decided to purchase the BMW and called Komain to say they wanted to come to the dealership the following day to finalize the transaction. Komain told Plaintiffs to come in later in the afternoon because the BMW had hit a curb and one of the wheel rims needed some minor work done to it. Komain assured Plaintiffs no other damage had been done to the BMW, and reiterated that the BMW was a certified pre-owned car.

7. Plaintiffs drove from Evansville, Indiana the morning of 5/9/2014 and arrived at Plaza around noon. Plaintiffs test-drove the BMW and did not detect any problems.

8. Based on their own personal observations and based on Komain's statements and representations about the condition and history of the BMW, Plaintiffs purchased the BMW from Plaza for $46,000.00 and took delivery on 5/9/2014. A copy of Plaza's Retail Purchase Agreement is attached hereto and incorporated by reference as if fully set forth herein as Exhibit 1.

9. Plaza provided Plaintiffs with an express warranty on the BMW, which encompassed the remaining duration of the manufacturer's warranty. A copy of Plaza's Buyer's Guide warranty is attached hereto and incorporated by reference as if fully set forth herein as Exhibit 2.

10. While driving back to Indiana, Jerry Paul noticed the steering wheel was loose, and Sarah Paul, who was following Jerry in Plaintiffs' existing vehicle, noticed the BMW appeared to be "weaving."

11. Plaintiffs did not believe the problem was serious and did not think it was necessary to report the issue to Plaza.

12. On or about 5/10/2014, Jerry noticed a significant scrape on the BMW's right front bumper while he was waxing it. Plaintiffs did not report this issue to Plaza at the time.

13. On 5/21/2014, Plaintiffs drove the BMW to Florida. During the trip, the loose steering issue became more noticeable and Jerry called Komain to alert him about it. Komain told Plaintiffs the problem had to do with the electronic steering system, and that Plaintiffs should take the car to a BMW dealership once they arrived in Florida.

14. On 6/2/2014, Plaintiffs took the BMW to Tom Bush Regency Motors in Jacksonville, FL to have it inspected. Regency Motors was unable to find anything wrong with the BMW and told Plaintiff they were likely just unfamiliar with BMWs.

15. Plaintiffs drove back to Indiana on 6/7/2014 and had the same problem with the steering system throughout the trip.

16. On or about 7/16/2014, Plaintiffs took the BMW to D-Patrick, a BMW dealership in Evansville, IN, and learned the BMW had major frame damage. According

3

to D-Patrick, the BMW was unsafe to drive in its current condition. A copy of the repair estimate from D-Patrick is attached hereto and incorporated by reference as if fully set forth herein as Exhibit 3.

17. Plaintiffs attempted to reach Komain about the frame damage, but Komain never returned Plaintiffs' calls. D-Patrick's service manager, Michael Piper, called Plaza's used car manager, Tom Burnett, about the frame damage, and Burnett said that Plaintiffs should "turn it into their insurance." Burnett said he would check into the problem further and get back to Piper, but he never called back.

18. Plaintiffs attempted to reach a Plaza representative approximately 12 – 15 times by calling and leaving messages, but nobody returned their calls.

19. Plaintiffs finally were able to speak with Plaza's general manager Ed Fenerman, Plaza's BMW manager Jerry Patterson, and Plaza's new car manager Jason Catlin. Each of these individuals promised they would do "whatever was necessary to make it right."

20. Plaza offered to take back the BMW, but only if Plaintiffs purchased another vehicle and agreed to take $36,000.00 (i.e., a $10,000 loss) for the BMW. Plaintiffs refused this offer.

21. Plaintiffs' only remaining alternative was to seek the assistance of counsel and pursue litigation.

### COUNT I – VIOLATION OF MISSOURI MERCHANDISING PRACTICES ACT

For Count I of their Petition, Plaintiffs state to this honorable Court as follows:

22. Plaintiffs reallege the allegations of paragraphs 1 through 21 as if fully set forth herein.

23. Pursuant to § 407.020 RSMo (Missouri Merchandising Practices Act), it is an unlawful practice to use deception, fraud, false pretense, false promise,

4

misrepresentation, or unfair practice, or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

24. Plaintiffs purchased the BMW primarily for personal, family or household purposes, and not for a business purpose.

25. Plaza used deception, fraud, false pretense, false promise, misrepresentation or unfair practice, or concealed, suppressed, or omitted a material fact in connection with the sale of the BMW in one or more of the following respects:

   a. Plaza knew or, upon reasonable inspection, should have known that the BMW had frame damage prior to selling it to Plaintiffs, yet Plaza failed to disclose the defect to Plaintiffs prior to sale, thereby concealing, suppressing or omitting a material fact as described by 15 CSR 60-0.110;

   b. Plaza, through its employee, agent or representative Kent Komain, told Plaintiffs the BMW was a certified, pre-owned vehicle when this statement was false, deceptive, misleading and/or not in accord with the facts, in contravention of 15 CSR 60-9.020, 15 CSR 60-9.040 and 15 CSR 60-9.070;

   c. Plaza, through its employee, agent or representative Kent Komain, told Plaintiffs the BMW was like buying "a brand new car," when this statement was false, deceptive, misleading, and/or not in accord with the facts, in contravention of 15 CSR 60-9.020, 15 CSR 60-9.040 and 15 CSR 60-9.070;

   d. Plaza, through its employee, agent or representative Kent Komain, told Plaintiffs the BMW hit a curb, suffered only minor damage, and no other damage had been done to it, when these statements were false, deceptive, misleading, and/or not in accord with the facts, in contravention of 15 CSR 60-9.020, 15 CSR 60-9.040 and 15 CSR 60-9.070;

   e. Plaza failed to act in good faith and behaved unconscionably when its managers, agents, employees and representatives refused to return Plaintiffs phone calls, told Plaintiffs to submit the frame damage claim to their insurance carrier, and offered to take back the BMW for $10,000 less than the purchase price, thereby committing unfair practices in contravention of 15 CSR 60-8.040 and 15 CSR 60-8.080;

  f. The promise made by Plaza's managers, Ed Fenerman, Jerry Patterson and Jason Catlin, that they would do "whatever was necessary" to rectify Plaintiffs' complaint, was false or was misleading as to the likelihood that it would be performed, and is therefore a "false promise" in contravention of 15 CSR 60-9.060.

26. Plaza's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or concealment, suppression, or omission of a material fact in connection with its sale of the BMW to Plaintiffs was willful, wanton and malicious, and was done with evil motive or reckless indifference to the rights of Plaintiffs.

27. Plaza's actions constitute a pattern and practice of deceptive conduct.

28. As a result of Plaza's use of fraud, false pretense, false promise, misrepresentation or unfair practice, and/or of Plaza's concealment, suppression, or omission of a material fact in connection with its sale of the BMW to Plaintiffs, Plaintiffs suffered an ascertainable loss of money or property.

**WHEREFORE**, Plaintiffs pray this honorable Court to enter a judgment against Plaza awarding actual and punitive damages, attorney's fees for all time reasonably expended on the case, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT II – FRAUDULENT MISREPRESENTATION

For Count II of their Petition, Plaintiffs state to the Court as follows:

29. Plaintiffs reallege the allegations of paragraphs 1 through 28 as if fully set forth herein

30. Plaza, through its managers, agents, employees and representatives, made the following statements to Plaintiffs:

  a. That the BMW was a certified, pre-owned vehicle;

      b. That purchasing the BMW was like buying a "brand new car;" and/or

      c. That the BMW hit a curb, suffered only minor damage, and no other damage had been done to it.

31. The representations were made to Plaintiffs with the intent that they rely on them.

32. The representations were false.

33. Plaza either knew the representations were false at the time the representations were made, or Plaza made the representations without knowing whether they were true or false.

34. The representations were material to Plaintiffs' decision to purchase the BMW.

35. Plaintiffs relied on the representations in purchasing the BMW, and such reliance was reasonable under the circumstances.

36. Plaza's false representations were willful, wanton and malicious, and were made with evil motive or reckless indifference to the rights of Plaintiffs.

37. As a direct and proximate result of Plaza's fraudulent misrepresentations, Plaintiffs sustained damage.

**WHEREFORE**, Plaintiffs pray this honorable Court to enter a judgment against Plaza awarding actual and punitive damages, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT III – FRAUDULENT OMISSION

For Count III of their Petition, Plaintiffs state to the Court as follows:

38. Plaintiffs reallege the allegations of paragraphs 1 through 37 as if fully set forth herein

39. Plaza, through its managers, agents, employees and representatives, had a duty to disclose all material information about the BMW which it either knew or should have known.

40. At the time Plaza sold the BMW to Plaintiffs, the BMW had frame damage which required extensive repairs.

41. Plaza breached its duty by failing to disclose the frame damage to Plaintiffs prior to sale.

42. Plaza's failure to disclose the frame damage to Plaintiffs was a non-disclosure of a material fact.

43. Plaza's failure to disclose the frame damage was material to Plaintiffs' decision to purchase the BMW.

44. Plaza had superior information about the BMW that was not reasonably available to Plaintiffs.

45. Plaintiffs used reasonable care in their decision to purchase the BMW.

46. Plaintiff's failure to disclose the frame damage was motivated by malice, and exhibited an evil motive or reckless indifference to the rights of Plaintiffs.

47. As a direct and proximate result of Plaza's failure to disclose the frame damage, Plaintiffs sustained damage.

**WHEREFORE**, Plaintiffs pray this honorable Court to enter a judgment against Plaza awarding actual and punitive damages, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

### COUNT IV – NEGLIGENT MISREPRESENTATION

For Count IV of their Petition, Plaintiffs state to this honorable Court as follows:

48. Plaintiffs reallege the allegations of paragraphs 1 through 47 as if fully set forth herein.

49. Plaza, through its employees, agents, managers and representatives, supplied information to or omitted information from Plaintiffs about the condition of the BMW in the course of Plaza's business when it told Plaintiffs:

    a. The BMW was a certified, pre-owed vehicle;

    b. Purchasing the BMW was like buying a "brand new car;" and/or

    c. The BMW hit a curb, suffered only minor damage, and no other damage had been done to it.

50. Because of a failure by Plaza to exercise reasonable care or competence, the information was false.

51. The information was provided by Plaza in a particular business transaction, namely the sale of the BMW to Plaintiffs on May 9, 2014.

52. Plaintiffs relied on the information supplied by Plaza in making their decision to purchase the BMW, and in so doing suffered damages.

**WHEREFORE**, Plaintiffs pray this honorable Court to enter a judgment against Plaza awarding actual, incidental and consequential damages, prejudgment interest, costs of suit, and such further equitable relief as this honorable Court deems just.

/s/ Mitchell B. Stoddard
Mitchell B. Stoddard, #38311
Consumer Law Advocates
11330 Olive Boulevard, Suite 222
St. Louis, Missouri 63141
(314) 692-2001 *tel*
(314) 692-2002 *fax*
mbs@clalaw.com

Attorneys for Plaintiffs